COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

RUSTIN LEE
FOWLER,                                      )                    No. 
08-01-00409-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                 County Court at Law No. 2

                                                                              )

THE STATE OF TEXAS,                                     )                    of Collin County, Texas

                                                                              )

Appellee.                           )                       (TC# 002-86208-00)

 

O
P I N I O N

 

Rustin Lee Fowler appeals from his conviction for the
offense of possession of marihuana. Following a bench trial, the court found
Appellant guilty and assessed his punishment at a fine of $300 and confinement
in the county jail for 120 days.  We
affirm.

FACTUAL SUMMARY








On
October 6, 2000 at approximately 9:30 p.m., Officer James Forsythe of the Plano
Police Department observed Appellant commit a traffic offense by failing to
signal a lane change.  Forsythe stopped
the vehicle and soon discovered that Appellant=s
driver=s license
had been suspended from May 17, 2000 through November 12, 2000 as the result of
his conviction for a drug offense in Williamson County.  Additionally, Appellant=s license had been suspended from May
22, 2000 through May 21, 2001 as the result of a driving while intoxicated
conviction and conviction for a Controlled Substance Act offense, both out of
Dallas County.  Forsythe placed Appellant
under arrest and secured him in the patrol car. 
A second officer, Mark Speaker, conducted a search incident to arrest
and found a baggie of marihuana hidden inside of a cup.  The cup, which contained saliva and tobacco
juice, was inside of a cupholder in the center
console of the vehicle and within Appellant=s
reach.  A smaller cup had been placed
inside of the first cup in an effort to conceal the marihuana.  After seizing the evidence, the officers, at
Appellant=s
request, released the vehicle to the lone passenger in Appellant=s vehicle.  The trial court found Appellant guilty of
both driving with license suspended and possession of marihuana.[1]

LEGAL SUFFICIENCY

In Point of Error No. One, Appellant challenges the legal
sufficiency of the evidence to support his conviction for possession of
marihuana because the State failed to establish a sufficient affirmative link
between Appellant and the contraband.

Standard of Review








In
reviewing the legal sufficiency of the evidence to support a criminal
conviction, we must review all the evidence, both State and defense, in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). 
This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic to ultimate
facts.  Jackson, 443 U.S. at 319,
99 S.Ct. at 2789, 61 L.Ed.2d at 573.  We do not resolve any conflict of fact or
assign credibility to the witnesses, as it was the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418,
421 (Tex.Crim.App. 1992); Matson v. State, 819
S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if
both the explicit and implicit findings of the trier
of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson, 819 S.W.2d at 843.  Further, the standard of review is the same
for both direct and circumstantial evidence cases.  Geesa, 820 S.W.2d at 158.

Elements of the Offense

When
an accused is charged with unlawful possession of a controlled substance, the
State must prove that the defendant exercised actual care, custody, control, or
management over the contraband and that he knew the matter possessed to be
contraband.  King v.
State, 895 S.W.2d 701, 703 (Tex.Crim.App.
1995); Levario v. State, 964 S.W.2d 290, 294 (Tex.App.‑-El
Paso 1997, no pet.). 
When the contraband is not found on the defendant=s
person or in his exclusive possession, additional facts and circumstances must
link the accused to the contraband and demonstrate both that the defendant had
control over the contraband and that he had knowledge of its existence and
character.  See Brown v. State,
911 S.W.2d 744, 747 (Tex.Crim.App. 1995); Levario, 964 S.W.2d at 294.  This affirmative link may be shown by either
direct or circumstantial evidence, and it must establish, to the requisite
level of confidence, that the accused's connection with
the drug was more than just fortuitous.  Brown,
911 S.W.2d at 747. 









In
determining whether the evidence affirmatively links the defendant to
contraband found in a vehicle, we may consider the following non-exclusive list
of factors:  (1) the contraband was in a
car driven by the defendant; (2) the contraband was conveniently accessible to
the defendant; (3) the contraband was in plain view; (4) the contraband was
found in an enclosed space; (5) the contraband was found on the same side of
the car as the defendant; (6) the conduct of the defendant indicated a
consciousness of guilt; (7) the defendant had a special relationship to the
contraband; (8) occupants of the automobile gave conflicting statements about
relevant matters; (9) affirmative statements connect the defendant to the
contraband; (10) the defendant was under the influence of narcotics when
arrested; (11) the defendant possessed other contraband or narcotics when
arrested; and (12) the defendant attempted to flee.  See Nguyen v. State,
54 S.W.3d 49, 53 (Tex.App.‑-Texarkana 2001,
pet. ref=d); Mohmed v. State, 977 S.W.2d 624, 627 (Tex.App.‑-Fort Worth 1998, pet. ref=d).  The number of factors present is not as
important as the logical force the factors have in establishing the elements of
the offense.  Corpus
v. State, 30 S.W.3d 35, 38 (Tex.App.‑-Houston
[14th Dist.] 2000, pet. ref=d);
Whitworth v. State, 808 S.W.2d 566, 569 (Tex.App.‑‑Austin
1991, pet. ref'd).

Appellant
was not in sole possession of the vehicle but he was its owner and driver.  The baggie of marihuana had been hidden in a
large cup by the placement of a smaller cup inside of the larger one.  Needless to say, the officers found it
unusual that the baggie had been stashed in a cup containing saliva and tobacco
juice.  This evidence permits an
inference that an effort had been made to hide the marihuana from the
officers.  The cup was found in the cupholder on the center console closest to the driver and
it was easily accessible to Appellant. 
Further, Appellant did not object when Forsythe stated his opinion that
the marihuana belonged to Appellant, not the passenger.  Viewing all of this evidence in the light
most favorable to the verdict, it is sufficient to establish an affirmative
link between Appellant and the contraband.








Notwithstanding
the above-summarized evidence, Appellant focuses his argument on the officers=
testimony that the cup was also within the reach of the passenger who may have
been left alone in the car momentarily after Appellant was removed from
it.  While this evidence may establish
alternative hypotheses that the passenger possessed the marihuana and hid it in
the cups, or that Appellant and the passenger possessed the marihuana jointly,
we do not consider alternative reasonable hypotheses in our legal sufficiency
review.  We note that Appellant does not
challenge the factual sufficiency to support his conviction.  Appellant also argues that Forsythe=s opinion regarding Appellant=s possession of the marihuana is not
entitled to any weight, but we do not engage in such a weighing of the evidence
in a legal sufficiency review.

Appellant
also makes much of the fact that many of the other factors commonly relied on
to show an affirmative link are not present here.  However, that is not the test in reviewing
sufficiency of the evidence.  There is no
requirement that the State establish a minimum number of these factors in order
to withstand a sufficiency challenge. 
Instead, we look to the evidence before us and examine whether it is
sufficient to show an affirmative link between the defendant and the
contraband.  We do not then weigh that
evidence against factors that have been found to be present in other cases nor
do we weigh which of competing theories is more likely for that was the
responsibility of the trier of fact.  Because a rational trier
of fact could have found beyond a reasonable doubt that Appellant knowingly
exercised care, custody, control, or management over the marihuana, the
evidence is legally sufficient to support his conviction.  Point of Error No.
One is overruled.

EXCLUSION OF EXCITED UTTERANCE








In Point of Error No. Two, Appellant argues that the trial
court erred in excluding evidence of an excited utterance made by the
passenger.  Larry Fowler, Appellant=s father, testified at trial that he
talked to a person driving Appellant=s
car approximately one hour after the arrest. 
This person told Mr. Fowler how the marihuana got into the vehicle.  He appeared to Mr. Fowler to be excited and
agitated.  The trial court sustained the
State=s hearsay
objection so Mr. Fowler was not permitted to relate the statement.  Appellant did not make an offer of proof at
trial.  Appellant filed a formal bill of
exception on November 1, 2001, less than sixty days after sentence was imposed
in open court.  The bill consisted of an
affidavit by Mr. Fowler stating that a person he knew as a friend of Appellant
told him that he had hidden the marihuana in the cups and Appellant did not
have any knowledge of the marihuana.  The
trial court filed a written correction to the bill of exception stating that
Mr. Fowler did not testify to these facts under oath at trial and Appellant
made no attempt to offer this testimony at trial.

Preservation of Error








As
a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request,
objection, or motion that stated the grounds for the ruling that the
complaining party sought from the trial court. 
See Tex.R.App.P. 33.1(a)(1)(A).  The complaining party must also show that he
complied with the requirements of the Texas Rules of Evidence or the Texas
Rules of Appellate Procedure.  See
Tex.R.App.P. 33.1(a)(1)(B).  The Texas Rules of Evidence provide that
error may not be predicated upon a ruling which admits or excludes evidence
unless a substantial right of the party is affected, and in the case of a
ruling excluding evidence, the substance of the evidence was made known to the
court by offer or was apparent from the context within which questions were
asked.  Tex.R.Evid. 103(a)(2).  The offer of proof should be made before the
conclusion of trial.  See Tex.R.Evid. 103(b)(stating that the offering
party shall, as soon as practicable, but before the court=s charge is read to the jury, be
allowed to make in the absence of the jury, its offer of proof.).[2]  Rule 103(b)=s offer of proof requirement has at
least two purposes.  One purpose is to Acrystallize the substance of any
contested evidentiary issue so that it will be fully preserved for appellate
review.@  Tex.R.Evid.Handbook 97 (3d ed. 1998). 
Further, by requiring that the offer be made before the charge is read
to the jury, this rule also allows the trial court to reconsider its ruling in
light of the evidence contained in the bill, and thereby cure any error that
might have otherwise occurred.

Appellant
did not make an offer of proof at trial. 
Instead, he relies exclusively on a formal bill of exception to preserve
error.  See Tex.R.App.P. 33.2.  Rule 33.2 provides that a party must
file a formal bill of exception to complain on appeal about a matter that
would not otherwise appear in the record. 
In this case, however, the only reason Mr. Fowler=s
testimony does not appear in the record is because Appellant did not make an
offer of proof when the trial court excluded the evidence or at some point
prior to the conclusion or trial or the expiration of the trial court=s plenary power.  If Appellant had made his offer of proof at
trial, Mr. Fowler=s
testimony would Aotherwise
appear of record.@  Consequently, we find that he is not
permitted to rely on Rule 33.2 to preserve error.  Point of Error No.
Two is overruled.  Having overruled
Points of Error Nos. One and Two, we affirm the judgment of the trial court.

July 25, 2002

                                                                         


ANN CRAWFORD McCLURE, Justice

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  Appellant was
charged with driving while license suspended in cause number 002-86207-00.  Appellant has also appealed that conviction
which we have decided by separate unpublished opinion in Fowler v. State,
No. 08-00-00408-CR (Tex.App.--El Paso, July 25, 2002,
no pet. h.).





[2]  Rule 103(b)
does not specify when the offer of proof should be made in a bench trial.  Given that the offer permits the trial court
to correct an error, it should be made while the trial court has plenary power.