NO. 07-05-0021-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY11, 2005



______________________________




JEREMIAH BRYAN BLEEKER, APPELLANT



V.



LOGAN ANDREWS, APPELLEE




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-523,419; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 By letter dated January 20, 2005, this Court directed appellant Jeremiah Bryan
Bleeker to pay the required filing fee of $125 by January 30, 2005, noting that failure to do
so might result in dismissal of the appeal. Unless a party is excused from paying a filing
fee, the Clerk of this Court is required to collect filing fees set by statute or the Supreme
Court when an item is presented for filing. See Tex. R. App. P. 5 and 12.1(b). Although
the filing of a notice of appeal invokes this Court's jurisdiction, if a party fails to follow the
prescribed rules of appellate procedure, the appeal may be dismissed. Tex. R. App. P.
25.1(b). Thus, because the filing fee of $125 remains unpaid, we must dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee. 
Tex. R. App. P. 42.3(c).


 Don H. Reavis

 Justice





twnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-07-0016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 22, 2009

______________________________


DOMINIC RYAN AYON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17,860-B; HON. JOHN BOARD, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.
Memorandum Opinion
          Appellant Dominic Ryan Ayon appeals from his conviction of the offense of
possession of a firearm by a felon and his resulting sentence of six years imprisonment in
the Institutional Division of the Texas Department of Criminal Justice. Via four issues,
appellant challenges the legal and factual sufficiency of the evidence to support his
conviction. We find the evidence sufficient and affirm.
Background
          Appellant’s indictment for possession of a firearm by a felon


 also set forth
appellant’s 2004 felony conviction of the offense of burglary of a habitation.


 Following
appellant’s plea of not guilty, this matter proceeded to trial by jury.
          At trial, the evidence established that Amarillo CrimeStoppers received a tip that
appellant had a sawed-off shotgun and two hand grenades in an apartment. When officers
went to the apartment identified in the tip,


 appellant answered the door. When officers
told him of the anonymous tip, appellant laughed and said he didn’t have any hand
grenades. He told the officers his girlfriend had a shotgun. 
          At the officers’ request, appellant read and signed a consent to search form that
repeatedly described the premises to be searched as “my premises.” One of the officers
asked appellant where the shotgun was located and he pointed into the bedroom and told
him it was on the bed. Officers located the shotgun underneath the sheets on the bed. 
The barrel and stock of the gun had been shortened by sawing. Appellant accurately told
officers there was one “round” in the chamber of the gun. After obtaining consent to
continue searching the apartment, officers located boxes of 9 mm rounds and additional
shotgun shells.
          After officers returned to their vehicles, they learned appellant had previously been
convicted of a felony. As a result, the officers returned to the door of the apartment and
appellant allowed them to reenter. The officers explained to appellant that they were
taking custody of all of the items they had located in their search. In response, appellant
told one of the officers that the shotgun was there because someone had tried to break
into his apartment on several occasions.
          At the close of the evidence, the jury returned a verdict of guilty as alleged in the
indictment. The court assessed punishment at six years imprisonment and this appeal
followed.
Analysis
           In reviewing issues of legal sufficiency, an appellate court views the evidence in the
light most favorable to the verdict to determine whether, based on that evidence and
reasonable inference therefrom, a rational jury could have found each element of the
offense beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95
(Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The
standard for legal sufficiency review “gives full play” to the jury’s responsibility to fairly
resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319; Sanders v. State,
119 S.W.3d 818, 820 (Tex.Crim.App. 2003). If, given all of the evidence, a rational jury
would necessarily entertain a reasonable doubt of the defendant’s guilt, due process
requires that we reverse and order a judgment of acquittal. Swearingen, 101 S.W.3d at
95, citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), cert. denied, 507
U.S. 975,113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Circumstantial evidence is as probative
as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient
to do so. Hooper v. State, 214 S.W.3d 9 (Tex.Crim.App. 2007), citing Guevara v. State,
152 S.W.3d 45, 49 (Tex.Crim.App. 2004). 
          A factual sufficiency review of the evidence is “barely distinguishable” from the legal
sufficiency review under Jackson v. Virginia. Marshall v. State, 210 S.W.3d 618, 625
(Tex.Crim.App. 2006). A factual sufficiency review considers whether the evidence
supporting guilt, though legally sufficient, is so weak that the jury’s verdict seems clearly
wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury’s
verdict is against the great weight and preponderance of the evidence. Id.; Watson v.
State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Crim.App. 2000). In a factual sufficiency review, we again consider all the evidence,
but now in a neutral light. Marshall, 210 S.W.3d at 625; Watson, 204 S.W.3d at 414. 
          Pursuant to Penal Code § 46.04(a), a person who has been convicted of a felony
commits an offense if he possesses a firearm: (1) after conviction and before the fifth
anniversary of the person’s release from confinement following conviction of the felony or
the person’s release from supervision under community supervision, parole, or mandatory
supervision, whichever date is later; or (2) after the period described by Subdivision (1), at
any location other than the premises at which the person lives. Tex. Penal Code Ann. §
46.04(a) (Vernon 2003). 
          The State must show appellant (1) exercised actual care, control, or custody of the
firearm; (2) he was conscious of his connection with the firearm; and (3) he possessed the
firearm knowingly or intentionally.


 We analyze the sufficiency of the evidence to prove
possession of a firearm by a felon under the rules adopted for determining the sufficiency
of the evidence in cases of possession of a controlled substance. Bates v. State, 155
S.W.3d 212, 216 (Tex.App.–Dallas 2004, no pet.); Smith v. State, 118 S.W.3d 838, 841
(Tex.App.–Texarkana 2003, no pet.); Nguyen v. State, 54 S.W.3d 49, 52
(Tex.App.–Texarkana 2001, pet. ref’d). 
          The State was not required to prove that appellant had exclusive possession of the
firearm; joint possession is sufficient to sustain a conviction. Cude v. State, 716 S.W.2d
46, 47 (Tex.Crim.App. 1986). The State can meet its burden with direct or circumstantial
evidence, but it must establish that the defendant's connection with the firearm was more
than fortuitous. Poindexter v. State, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005);
Grantham v. State, 116 S.W.3d 136, 143 (Tex.App.–Tyler 2003, no pet.); Davis v. State,
93 S.W.3d 664, 667 (Tex.App.–Texarkana 2002, pet. ref’d). 
          When the firearm is not found on the accused's person or is not in the accused's
exclusive possession, additional facts must link the accused to the firearm. Jones v. State,
963 S.W.2d 826, 830 (Tex.App.–Texarkana 1998, pet. ref’d). In determining whether
sufficient links exist, we examine factors such as whether the firearm was in plain view,
whether appellant owned the residence where the firearm was found, whether he was in
close proximity to the firearm and had ready access to it or whether it was found on him,
whether he attempted to flee, whether his conduct indicated a consciousness of guilt,
whether he had a special connection to the firearm, whether the firearm was found in an
enclosed space, and whether he made incriminating statements. The number of factors
present is not as important as the logical force or the degree to which the factors, alone or
in combination, tend to link the accused to the contraband. Smith v. State, 176 S.W.3d
907, 916 (Tex.App.–Dallas 2005, pet. ref’d); Hawkins v. State, 89 S.W.3d 674, 677
(Tex.App.–Houston [1st Dist.] 2002, pet. ref’d); Corpus v. State, 30 S.W.3d 35, 38
(Tex.App.–Houston [14th Dist.] 2000, pet. ref’d). No set formula of facts exists to dictate
a finding of links sufficient to support an inference of knowing possession. Taylor v. State,
106 S.W.3d 827, 830 (Tex.App.–Dallas 2003, no pet.); Nguyen, 54 S.W.3d at 53.
          Officer testimony and a defense exhibit presented at trial established that the
identified address, along with another address, was associated with appellant’s name.
Officer testimony also established that a car matching the description provided was
observed at the apartment and appellant answered the door. On that occasion, appellant
was the only individual present at the apartment. Appellant also referred to the apartment
as “his” and signed a consent form that repeatedly referenced the premises to be searched
as “my premises.” Appellant knew exactly where the shotgun was located in the bedroom
of the apartment and knew there was one “round” in the chamber. Further, when officers
executed the outstanding warrant for appellant’s arrest about two weeks after their initial
visit, appellant again answered the door at the apartment. 
          The logical force of this evidence together is legally sufficient to link appellant to the
firearm. And, when viewed in the light most favorable to the prosecution, a rational trier
of fact could have found the requisite elements of this offense. Thus, the evidence is
legally sufficient to support appellant’s conviction.
          Finding the evidence legally sufficient, we turn to the factual sufficiency of the
evidence to support appellant’s conviction. Appellant presented evidence contrary to the
verdict of guilt. A palm print lifted from the shotgun matched neither appellant nor his
girlfriend. During cross-examination of one of the police officers, appellant introduced his
driver’s license as evidence his listed address was different from the apartment’s address. 
One of the officers did not recall what address was in the department’s computer system
for appellant and admitted he had no physical evidence tying appellant to the shotgun or
the boxes of ammunition. The officer also acknowledged he did not know who owned the
gun and acknowledged they did not locate hand grenades. During cross-examination of
another officer, appellant introduced a lease for the apartment. The lease listed appellant’s
girlfriend as the lessee and did not list any other occupants. The officer also testified that
he believed that someone “ran the tag” to the black Lexus and found it belonged to
appellant’s girlfriend. 
          Appellant also emphasizes evidence that the shotgun was owned by his girlfriend. 
Evidence supporting that assertion came only from appellant. It was appellant who told
officers that the shotgun belonged to his girlfriend. He also told officers the gun was given
to her by her father. When an officer suggested appellant might obtain an affidavit from
the father, however, appellant responded he “wasn’t sure that’s how it happened, but that’s
possibly what happened.” Moreover, the statute does not require ownership of the firearm;
it requires only care, custody, control or management of it. Tex. Penal Code Ann. §
46.04(a) (Vernon 2003); Knight v. State, No. 07-07-0099-CR, 2008 WL 3824003
(Tex.App.–Amarillo Aug. 15, 2008, pet. stricken) (mem. op., not designated for publication);
Good v. State, No. 01-05-00639-CR, 2007 WL 274526 (Tex.App.–Houston [1st Dist.] Feb.
1, 2007, pet. ref’d) (mem. op., not designated for publication). 
          Viewing the entire record in a neutral light, and giving due consideration to the
evidence contrary to the verdict of guilt, we find no objective basis on which to conclude
the evidence is so weak that the jury’s verdict seems clearly wrong and manifestly unjust
or that, given the evidence to the contrary, the great weight and preponderance of all the
evidence contradicts the jury’s verdict. We therefore overrule appellant’s issues on appeal
and affirm his conviction and sentence.
James T. Campbell

Justice

Do not publish.