COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JEFFREY JAY SNYDER,                                    )

                                                                              )               No.  08-02-00022-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
219th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Collin County, Texas

Appellee.                           )

                                                                              )               
(TC# 219-80623-01)

                                                                              )

 

 

O
P I N I O N

 

Jeffrey Jay Snyder
appeals his conviction for possession of a controlled substance, to wit:
methamphetamine in an amount more than one gram but less than four grams.  Following a bench trial, the court found
Appellant guilty and assessed punishment of 2 years=
imprisonment, probated for 5 years.  In
two issues, Appellant challenges the legal and factual sufficiency to
demonstrate his guilty knowledge of illegal drugs.  We reverse the trial court=s judgment. 

FACTUAL
SUMMARY








On January 29,
2000, between midnight and 1 a.m., Detective Scott Stowers,
a patrol sergeant with the Wylie Police Department, was on routine traffic
patrol in Collin County when he saw a vehicle without an operating license
plate light pass by his stationary position. 
The vehicle was a 1989 Honda two-door hatchback.  After passing Detective Stowers,
the vehicle continued eastbound, stopped in the roadway, and then turned into a
long driveway or alleyway leading to a closed business.  Detective Stowers
followed the vehicle down the driveway and once it came to a stop, Detective Stowers pulled in behind it and initiated a traffic
stop.  

Stowers testified that one of the reasons he stopped
Appellant was for the 

non-functioning
license plate light, which is a traffic violation.  Detective Stowers
approached the vehicle, stated that he was a police officer, and asked the
driver, later identified as Appellant, for his driver=s
license.  Appellant and his female
passenger gave Detective Stowers their driver=s licenses.  Detective Stowers
ran both licenses and found that each had outstanding warrants.  Appellant had an outstanding traffic warrant
with the Plano Police Department.  At
this point, Detective Stowers determined that he had
reason to arrest both of the individuals in the vehicle and took them into
custody.








Detective Stowers then called a tow truck to tow the vehicle and
proceeded to conduct an inventory search pursuant to departmental policy.  Detective Stowers
placed Appellant in handcuffs and asked Appellant a question about the contents
of the vehicle.[1]  At the time, Detective Stowers
was concerned for his safety because the female passenger was still in the
vehicle.  A back-up officer then arrived
and Detective Stowers began his inventory of the
vehicle.  Inside the vehicle, Detective Stowers found a box, some auto parts, and several tools in
the hatchback section.  Inside the box,
Detective Stowers found a Marlboro 100 cigarette box,
which contained a glass pipe, a clear straw, two balls of steel wool, three
Q-tips, and a small, clear plastic baggie containing a white powdery substance
that Detective Stowers believed to be
methamphetamine.  Detective Stowers explained to the trial court that the vehicle is a
two-door hatchback that has two bucket seats in the front and a small back
seat.  From the backseat, one can reach
over the seat into the trunk area.  This
area of the vehicle is visible through a window in the hatchback section.  Detective Stowers testified
that the box itself was in plain view. 
Later, Detective Stowers took the substance,
which he believed to be methamphetamine, and logged it into evidence.

On
cross-examination, Detective Stowers stated that
during Abook-in,@ he observed that Appellant had
Marlboro Lights on his person and that the female passenger had Marlboro 100=s. 
Upon questioning by the court, Detective Stowers
testified that he determined the ownership of the vehicle.  To Detective Stowers= knowledge, Appellant was the owner and
had advised Detective Stowers that he had bought it
from a friend.  The registration,
however, showed that it was owned by someone else.  With respect to its location in the vehicle,
Detective Stowers stated that the substance[2]
was in an area that could be reached from sitting inside the passenger
compartment.  This area could not be
reached from the outside if the vehicle was locked.

DISCUSSION

Legal
Sufficiency








In Issue One,
Appellant argues that the evidence was legally insufficient to show guilty
knowledge of illegal drugs because the State presented no evidence to
demonstrate that he knew or should have known about the methamphetamine hidden
in the vehicle.  Further, Appellant
argues that evidence showed that the passenger, not Appellant, was later found
to be in possession of the same brand of cigarettes as the cigarette box that
contained the methamphetamine and paraphernalia.

Standard
of Review

In reviewing the
legal sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781,
2788-89, 61 L.Ed.2d 560, 573 (1979). 
The standard is the same for both direct and circumstantial evidence
cases.  King v.
State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See Adelman
v. State, 828 S.W.2d 418, 421 (Tex.Crim.App.
1992); Lucero v. State, 915 S.W.2d 612, 614 (Tex.App.--El
Paso 1996, pet. ref=d).  Rather, our duty is to determine whether both
the explicit and implicit findings of the trier of
fact are rational by viewing all the evidence admitted at trial in the light
most favorable to the verdict.  See Adelman, 828 S.W.2d at 421-22.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).

Possession
of a Controlled Substance








A person commits
the offense of possession of methamphetamine if he knowingly or intentionally
possesses the controlled substance.  See
Tex.Health & Safety Code Ann. '' 481.102(6), 481.115
(Vernon Supp. 2003).  Possession is
defined as Aactual
care, custody, control, or management.@  Tex.
Health & Safety Code Ann. '
481.002(38).  To support a conviction for
unlawful possession of a controlled substance, the State must prove that the
accused (1) exercised actual care, custody, control, and management over the
contraband, and (2) the accused knew the substance he possessed was
contraband.  See
Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App.
1995); Menchaca v. State, 901 S.W.2d
640, 651 (Tex.App.--El Paso 1995, pet. ref=d).  When the defendant is not in exclusive
possession or control of the place where the contraband is found, the State
must prove independent facts and circumstances affirmatively linking him to the
contraband.  Hackleman v. State,
919 S.W.2d 440, 444 (Tex.App.--Austin 1996, pet. ref=d, untimely filed).  An affirmative link generates a reasonable
inference that the accused knew of the contraband=s
existence and exercised control over it. 
See Brown, 911 S.W.2d at 747; Menchaca,
901 S.W.2d at 651.  By either direct or
circumstantial evidence, the State Amust
establish, to the requisite level of confidence, that the accused=s connection with the drug was more
than just fortuitous.@  Brown, 911 S.W.2d at
747.








Courts have
articulated various factors for determining whether evidence at trial
affirmatively links a defendant to the contraband.  These affirmative links may include:  (1) the contraband was in plain view; (2) the
contraband was conveniently accessible to the accused; (3) the accused was the
owner of the place where the contraband was found; (4) the accused was the
driver of the automobile in which the contraband was found; (5) the contraband
was found on the same side of the car seat as the accused was sitting; (6) the
place where the contraband was found was enclosed; (7) the contraband emitted a
strong odor; (8) paraphernalia to use the contraband was in view of or found on
the accused; (9) conduct by the accused indicated a consciousness of guilt;
(10) the accused had a special connection to the contraband; (11) occupants of
the automobile gave conflicting statements about relevant matters; (12) the
physical condition of the accused was compatible with recent consumption of the
contraband found in the car; (13) traces of the contraband were found on the
accused; (14) affirmative statements connect the accused to the contraband; and
(15) the accused possessed other contraband when arrested.  See Nguyen v.
State, 54 S.W.3d 49, 53 (Tex.App.--Texarkana
2001, pet. ref=d); Jones
v. State, 963 S.W.2d 826, 830 (Tex.App.--Texarkana
1998, pet. ref=d); De
La Paz v. State, 901 S.W.2d 571, 583-84 (Tex.App.--El
Paso 1995, pet. ref=d).  The number of factors present is less
important than the logical force the factors have in establishing the elements
of the offense.  Hurtado v. State, 881
S.W.2d 738, 743 (Tex.App.--Houston [1st Dist.] 1994,
pet. ref=d).








Here, the evidence
admitted at trial provides few affirmative links between Appellant and the
contraband.  Appellant was the driver of
the vehicle in which the contraband was found, but he was not in close
proximity to the contraband nor was it conveniently accessible to him.
Appellant was seated in the front of the vehicle, as was presumably the female
passenger, while the contraband was most accessible from the backseat by
reaching over the top of that seat into the rear hatchback area.  Detective Stowers
testified that Appellant stated he was the owner of the vehicle, but the
vehicle was not registered in Appellant=s
name.  The contraband found during the
inventory search was not in plain view, but rather enclosed in a cigarette box
within a box in the rear of the vehicle. 
Besides evidence of his ownership and his status as driver, there is no
other admitted evidence linking Appellant to the contraband that would support
a reasonable inference that he knew of the contraband=s
existence and exercised control over it. 
See Brown, 911 S.W.2d at 747.  While Appellant may have made incriminating
statements during his arrest, the trial judge ruled that Appellant=s statements were inadmissible with the
exception of the ownership claim.  After
reviewing all the evidence in a light most favorable to the verdict, we simply
cannot conclude that the evidence was legally sufficient to sustain Appellant=s conviction such that any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. 
Issue One is sustained.  Given
that Appellant=s Issue
One is dispositive on appeal, we do not reach
Appellant=s other
issue for review. 

We reverse the
trial court=s
judgment and render a judgment of acquittal.

 

September
25, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
The trial judge sustained Appellant=s
objections to Detective Stowers= testimony as to Appellant=s alleged statements during the arrest.





[2]
At trial, the substance identified as methamphetamine was admitted into
evidence through the testimony of Andrew Macey, a
drug chemist for the Texas Department of Public Safety.  Mr. Macey testified
that he analyzed the substance and determined that it was methamphetamine and
weighed an aggregate 1.36 grams including adulterants and dilutants.