COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JAMES MICHAEL MORGAN,                      )                  No. 08-05-00029-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                 Criminal District Court No. 4 
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0401353-TK)

O P I N I O N

            A jury convicted James Michael Morgan of unlawful possession of a firearm by a felon. The
trial court assessed punishment at twenty years’ imprisonment in the Institutional Division of the
Texas Department of Criminal Justice. Finding the evidence of affirmative links to be both legally
and factually sufficient, we affirm.
FACTUAL SUMMARY
            During the early morning hours of November 30, 2003, Jermaine Sims and his brother
arrived at a club called the Coffee Shop. The two men parked their car at the nearby intersection of
Hatcher and Troy. As they arrived, Sims noticed a group of people hanging around outside and
eventually a fight broke out. Sims’ brother ran towards his vehicle and Sims followed. Once in the
car, Sims heard several rounds of gunfire and he was then shot in the back and the side. Because the
car windows were tinted, Sims was not able to discern who the shooter was or from what direction
the shots were fired. 
            Officers Archie Beeson and Anthony Pickens were on patrol at 12:45 a.m. when they saw 
someone fire an automatic weapon into a group of people. The officers were approximately two
blocks away at the time. While they could not see the shooter’s face, they were able to see that the
shooter was wearing a hooded sweatshirt. The shooter then got back into his vehicle and slowly
drove away. The officers stayed one car length behind the shooter’s vehicle and followed him into
the Frazier Court Apartments. The shooter parked the car and exited the vehicle. The officers
flashed their lights and apprehended Appellant, who was wearing a hooded sweatshirt. Inside the
car, Officer Beeson found an AK-47 in plain view. The weapon was still smoking and hot as Beeson
picked it up and placed it in his trunk. The magazine was empty and another empty magazine was
found on the floorboard behind the driver’s seat.
            Appellant was indicted for aggravated assault of Jermaine Sims and for unauthorized
possession of a firearm by a felon. He pled not guilty to both charges. The jury acquitted him of
aggravated assault but found him guilty on the charge of possession of a firearm. Appellant pled true
to the allegations asserted in the enhancement paragraph and the trial court sentenced him to twenty
years’ confinement.
SUFFICIENCY OF THE EVIDENCE
            It is unlawful for a felon to possess a firearm before the fifth anniversary of his release from
confinement. Tex.Penal Code Ann. § 46.04(a)(1)(Vernon Supp. 2005). Appellant concedes he
was a felon and that the alleged offense occurred within five years of his release. At issue is whether
the evidence is legally and factually sufficient to show he actually possessed the firearm.
 

Standards of Review
            A legal sufficiency complaint requires that we review the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Johnson v. State 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). Because the trier of
fact is in the best position to review the evidence first hand, we must defer to its determinations
regarding the weight and credibility of the evidence. Matson v. State, 819 S.W.2d 839, 843
(Tex.Crim.App. 1991), citing Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988);
Johnson, 23 S.W.3d at 9; Tex.Code Crim.Proc.Ann. art. § 38.04 (Vernon 1979).
            In reviewing factual sufficiency, we consider all of the evidence in a neutral light and
determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). The evidence may be factually insufficient
in two ways. The evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt or, in weighing the evidence, we may find the contrary evidence to be so
strong that guilt could not have been proven beyond a reasonable doubt. Id. at 484-85.
Affirmative Links
            In evaluating the evidence of unauthorized possession of a firearm by a felon, we apply the
same rules adopted for unauthorized possession of a controlled substance. Bates v. State, 155
S.W.3d 212, 215-17 (Tex.App.--Dallas 2004, no pet.). To support a conviction of unauthorized
possession of a firearm the State must prove (1) the accused exercised actual care, custody, control,
or management over the firearm; (2) he was conscious of his connection with it; and (3) he possessed
the firearm knowingly or intentionally. Bates, 155 S.W.3d at 215; Nguyen v. State, 54 S.W.3d 49,
52-53 (Tex.App.--Texarkana 2001, pet. ref’d). But if the firearm is not found on the accused or
within his exclusive possession, then the State must affirmatively link the accused to the firearm. 
Bates, 155 S.W.3d at 216.
            An affirmative link may be established by either direct or circumstantial evidence. Brown
v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). Some of the factors we consider are whether:
(1) the contraband was in plain view; (2) the accused was the owner of the car in which the
contraband was found; (3) the accused was the driver of the car in which the contraband was found;
(4) the accused was in close proximity and had ready access to the contraband; (5) the contraband
was found on the same side of the car seat as the accused was sitting; (6) the contraband was found
on the accused; (7) the defendant attempted to flee; (8) the conduct of the accused indicated a
consciousness of guilt, including extreme nervousness or furtive gestures; (9) the accused had a
special connection or relationship to the contraband; (11) the place where the contraband was found
was enclosed; (12) the occupants of the automobile gave conflicting statements about relevant
matters; and (13) affirmative statements connect the accused to the contraband, including
incriminating statements made by the accused when arrested. Bates, 155 S.W.3d at 216-17; Corpus
v. State, 30 S.W.3d 35, 38 (Tex.App.--Houston [14th Dist.] 2000, pet. ref’d). This list is not
exhaustive and the number of factors present is not as important as the logical force or the degree
to which the factors, alone or in combination, tend to affirmatively link the accused to the
contraband. See Wallace v. State, 932 S.W.2d 519, 524 (Tex.App.--Tyler 1995, pet. ref’d).
Legal Sufficiency
            In his first point of error, Appellant complains that the evidence was insufficient to link him
to the weapon. He contends he did not have sole access to the vehicle because he was the passenger
and not the driver. He did not attempt to escape and there was no evidence he made any furtive
gestures towards the weapon. The police officers contradicted each other as to where the weapon
was located. Officer Beeson testified he found the rifle in the back seat. Officer Pickens testified
he saw Officer Beeson retrieve the weapon from the front seat. Appellant also argues that the
officers were too far away to see the shooter’s face or to determine how many people were inside the
vehicle. He stresses there was no evidence his fingerprints were on the weapon or that he was the
owner of the vehicle.
            We conclude the evidence is legally sufficient to support the jury’s verdict. Both officers
testified they watched the shooting take place. They saw the shooter enter his car and drive away. 
Although they could not tell how many people were inside the vehicle nor see the shooter’s face,
they never lost sight of the car and followed it to a nearby apartment complex. Appellant exited the
vehicle from the driver’s side and was apprehended. The officers did not see anyone else in the
vehicle and an AK-47 was found in plain view. Officer Beeson testified that the weapon was hot
and smoking. Two empty magazines were found; one was attached to the firearm and the other was
behind the driver’s seat on the floorboard. Gunshot residue was found on the back of Appellant’s
left hand and thirty-one shell casings were found at the scene of the shooting. Based upon this
evidence, a jury could have found beyond a reasonable doubt that Appellant possessed the weapon. 
We overrule Point of Error One.
Factual Sufficiency
            In Point of Error Two, Appellant s that the evidence was factually insufficient. We begin our
analysis by evaluating the facts that support the verdict and then weigh them against facts to the
contrary.
            Appellant contends he was only a passenger in the car. He presented three witnesses who
testified he was not the driver. Prentisha Lovings was parked at the Frazier Court Apartments in the
early morning hours of November 30, 2003. She saw a maroon car park and two men exited. She
described the driver as a big guy who ran as soon as he got out of the car. When the passenger got
out, the police arrived and apprehended him. Lovings identified Appellant as the passenger. 
Natasha Lee was sitting outside on the porch with her friend when she saw two men exit a burgandy
Roadmaster. She testified that a “fat dude” jumped out of the car and then a “skinny dude” got out. 
The police only apprehended the skinny man. Andre Fariley was in the area where the shooting
occurred and although he did not personally know Appellant, he knew who he was and had seen him
before. Fariley testified that at the time of the shooting, he saw Appellant in the passenger seat while
a man by the name of “Big Mike” sat on the driver’s side. He identified the driver as the shooter.             The State presented evidence that Appellant was the only occupant of the car. Both officers
testified that they witnessed the shooting and watched the shooter drive off. They followed the
vehicle within one car length and never lost sight of the car. Appellant exited the vehicle from the
driver’s side and there was no one else in the car. Gunshot residue was found on the back of his left
hand. Although the officers’ testimony conflicted concerning the precise location of the weapon,
they found the smoking gun. And while Lee testified she would be able to recognize the face of the
passenger, she failed to identify Appellant as the passenger.
            Although there was conflicting evidence, we must give deference to the jury’s determinations
regarding the weight and credibility of the testimony. Zuniga v. State, 144 S.W.3d 477, 481
(Tex.Crim.App. 2004). In a proper factual sufficiency review, the contrary evidence must greatly
outweigh the verdict. Id. at 485. Upon balancing the two, we conclude the evidence is not so
overwhelming as to render the jury’s verdict clearly wrong and manifestly unjust. We overrule Point
of Error Two. Having overruled both issues for review, we affirm the judgment of the trial court.


March 23, 2006                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)