NO. 07-04-0424-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 24, 2006


______________________________



DAVID J. SCHULTZ, APPELLANT



V.



CYNTHIA S. BARNES, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 40,811-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellee Cynthia S. Barnes seeks dismissal of this appeal brought by David Schultz
challenging a take-nothing directed verdict in favor of Barnes on Schultz's claims arising
from a construction contract. After Schultz perfected appeal, Barnes filed a bankruptcy
petition listing Schultz as an unsecured creditor. No notice of that proceeding was filed in
this court so that the appeal could be abated as required by federal law. See 11 U.S.C. §
362; Tex. R. App. P. 8.1, 8.2. According to certified copies of documents from the
bankruptcy court, Barnes received a discharge on January 25, 2006. She now seeks
dismissal of Schultz's appeal as moot. Schultz does not contest Barnes' assertion that any
liability arising from his claims has been discharged and our review of the record and
exhibits from the bankruptcy proceeding leads to the same conclusion. 

 Rule of Appellate Procedure 8 sets out the procedure for stay of an appeal during
a bankruptcy proceeding. It does not address discharge of potential liability during an
appeal. A discharge in bankruptcy renders void a judgment, obtained at any time,
determining the personal liability of the debtor with respect to a discharged debt. 11 U.S.C.
§ 524(a)(1); In re Dabrowski, 257 B.R. 394 (Bankr. S.D.N.Y., 2001). Since any judgment
resulting from this appeal that determined Barnes' personal liability to Schultz would be
void, the appeal is moot. We have no jurisdiction to decide a moot controversy. National
Collegiate Athletic Ass'n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999). We therefore dismiss the
appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).


 James T. Campbell

 Justice





fferent than the others. Birkenfeld followed him until the suspect was lost in an apartment
complex. Appellant was soon discovered by other officers hiding behind a bush in an alley
by the apartment complex. Upon seeing the detainee, Birkenfeld identified him as the
person with the gun. This identification was reiterated at trial. A sawed-off shotgun was
also found lying in weeds within five to ten feet of where appellant was arrested and within
the alley wherein appellant ran. 

 At trial, appellant attempted to discredit Birkenfeld's testimony by focusing on the
fact that the officer did not know what the other three individuals were wearing and,
therefore, may have confused appellant with one of the others. So too was it of import to
appellant that his fingerprints were not found on the weapon. Appellant also tried to show
that someone other than he could have been the person who actually had the gun. 
Despite this, Birkenfeld reiterated that he was not mistaken in identifying appellant as the
"one who was carrying the rifle [sic]."

 Testifying on his own behalf, appellant said that he had been at home in the early
hours of August 19th but some friends had come by and asked him to attend a party. In
fact, two parties were occurring at different ends of his apartment complex. He attended
the one that was closest to his apartment and drank beer for about two hours. At the time,
he purportedly observed an individual in possession of what he believed to be a firearm,
even though he was not sure what the object was. Once the police showed up everyone
scattered. According to appellant, he ran because he had been in trouble with the police
before and had been drinking. He also denied possessing the firearm. 

 The defense also called Vernon Raynard Anderson, who testified that he was with
appellant the night of the incident and did not observe appellant carrying a gun. Yet, he
acknowledged that he left the party around midnight and was not present when the police
arrived.

Issues One - Eight - Legal and Factual Sufficiency


 Through his eight issues, appellant contends that the evidence was both legally and
factually insufficient to 1) prove he exercised care, custody or control over the weapon or
2) affirmatively link him to the weapon. We overrule the issues. 

 Standard of Review

 The applicable standards of review can be found in Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App.1996), Evans v. State, 202 S.W.3d 158 (Tex. Crim. App. 2006), and
Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to them.

 Next, in establishing possession, we use the same methodology used to establish
guilt for possessing controlled substances. Nguyen v. State, 54 S.W.3d 49, 52-53 (Tex.
App.-Texarkana 2001, pet. ref'd). Thus, the State must show that the accused 1)
exercised actual care, control, or custody over the firearm, 2) was conscious of his
connection with it, and (3) possessed the firearm knowingly or intentionally. Id. citing,
Brown v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995).

 The record before us contains eyewitness testimony identifying appellant as the one
who possessed and ran with the shotgun. Whether to believe it was up to the factfinder. 
But, if believed, it provided some evidence upon which a rational jury could conclude,
beyond reasonable doubt, that appellant intentionally or knowingly possessed the weapon.

 To the extent appellant and others gave testimony that contradicted Birkenfeld's,
we again note that it was the jury's prerogative to choose who to believe. Moreover, other
evidence such as appellant's effort to flee and hide as well as the proximity between the
shotgun's location and appellant's place of arrest lend further credence to the officer's
identification of appellant as the possessor. 

 In sum, viewing all the evidence in the light most favorable to the verdict leads us
to conclude that both verdicts enjoyed the support of legally sufficient evidence. And
though the evidence was contradictory, the verdicts were not against the great weight and
preponderance of the evidence nor clearly wrong or manifestly unjust. So, they too were
supported by factually sufficient evidence.

 Accordingly, we affirm the judgments of the trial court.

 Per Curiam

Do not publish.