NO.
12-06-00313-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROBERT DELANE MOORE,         §                      APPEAL FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Robert Moore
appeals from his conviction for possession of a firearm by a felon.  In one issue he argues that the evidence was
factually insufficient to support the verdict. 
We affirm.

 

Background

            A
property owner called the authorities to help resolve some difficulties he had
been having with people refusing to leave a rental property.  Several Angelina County sheriff’s deputies
responded.  They found a number of people
milling around the front of the residence. 
In an effort to maintain the status quo while investigating the
complaint, one of the deputies approached Appellant and asked him for
identification.  Appellant was standing
near the front wheel on the driver’s side of his pickup truck.  He said that his identification was in the
cab of the truck and started to move in that direction.  The deputies asked him to stop, and one
deputy looked into the cab.  He observed
a pistol grip shotgun on the transmission hump between the driver’s and
passenger’s seats.  Appellant was
detained, and the deputies found his identification on his person.








            Appellant
had been previously convicted of several felony offenses.  An Angelina County grand jury indicted him
for the felony offense of possession of a firearm by a felon.  A trial was held, and Appellant pleaded not
guilty.  The jury found him guilty.  Appellant then admitted, as alleged in the
indictment, that he had twice before been convicted of a felony offense, and
the trial court assessed punishment at imprisonment for twenty–five years.  This appeal followed.

 

Sufficiency
of the Evidence

            Appellant
argues that the evidence is factually insufficient to support the verdict.  

Standard of Review and Applicable Law

            We review the factual sufficiency of the evidence to
determine whether, considering all the evidence in a neutral light, the
evidence supporting the conviction is too weak to withstand scrutiny or the
great weight and preponderance of the evidence contradicts the jury’s verdict
to the extent that the verdict is clearly wrong and manifestly unjust.  See Watson v. State, 204 S.W.3d
404, 414–15, 417 (Tex. Crim. App. 2006). 
In doing so, we must first assume that the evidence is legally
sufficient under the Jackson v. Virginia[1] standard.  See Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996).  We then
consider all of the evidence that tends to prove the existence of the elemental
fact in dispute and compare it to the evidence that tends to disprove that
fact.  See Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

            Our role is that of appellate review, and the fact finder
is the judge of the weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d 103, 111–12
(Tex. Crim. App. 2000).  The fact finder
may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When we
review the factual sufficiency of the evidence, we are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports
the verdict.  See Clewis,
922 S.W.2d at 133.  But our evaluation
should not substantially intrude upon the jury’s role as the judge of the
weight and credibility of witness testimony. 
See Santellan, 939 S.W.2d at 164. 

            As charged in the amended indictment, the State was required
to prove that Appellant possessed a firearm before the fifth anniversary of his
release from confinement, parole, or community supervision for a felony
offense.  Tex. Penal Code Ann. § 46.04(a)(1) (Vernon 2006).  A person possesses an item if he exercises “actual
care, custody, control, or management” of the item.  Tex.
Penal Code Ann. § 1.07(a)(39) (Vernon 2006).  To prove possession of a firearm, the State
must show (1) that the accused exercised actual care, custody, or control of
the firearm, (2) that the accused was conscious of his connection to it, and
(3) that he possessed the firearm knowingly or intentionally.  See Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995) (possession of illegal drugs).

Analysis

            Appellant argues only that he did not possess the
shotgun, not that he was not a felon or that he could legally possess the
firearm.  When an accused is not in
exclusive possession and control of the contraband, it cannot be concluded that
he had knowledge or control over the contraband unless there are additional
independent facts and circumstances that affirmatively link him to the
contraband.  See Poindexter v.
State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); Brown,
911 S.W.2d at 747–48.  The affirmative
links principle simply restates the common sense notion that a person may share
control of a place but does not necessarily possess every contraband item found
in the place.  See Poindexter,
153 S.W.3d at 406.  When proof of
possession is based on something other than the item being on the accused’s
person, the evidence must establish, to the requisite level of confidence, that
the accused’s connection with the item was more than just fortuitous.  Id. (quoting Brown,
911 S.W.2d at 747).

            Factors that may establish such affirmative links include
whether (1) the contraband was in a car driven by the accused, (2) the
contraband was in a place owned by the accused, (3) the contraband was
conveniently accessible to the accused, (4) the contraband was in plain view,
(5) the contraband was found in an enclosed space, (6) the contraband was found
on the same side of the car as the accused, (7) the conduct of the accused
indicated a consciousness of guilt, (8) the accused had a special relationship
to the contraband, (9) occupants of the automobile gave conflicting statements
about relevant matters, and (10) affirmative statements connect the accused to
the contraband.  See Nguyen v.
State, 54 S.W.3d 49, 53 (Tex. App.–Texarkana 2001, pet. ref'd).

            The shotgun was not found on Appellant’s person.  Nevertheless, there was circumstantial
evidence that supports the jury’s verdict. 
The gun was in a truck owned by Appellant, it was convenient to him, in
plain view, within his reach when he was in the car, and there was some
consciousness of guilt on his part–his obfuscation about where his
identification was.  This is not a case
of a small pistol or bundle of narcotics secreted in a place unknown to the
driver of an automobile.  Appellant was
merely feet away from the gun, which was in plain view even from outside of the
vehicle.  Absent some other facts, the
jury reasonably concluded that Appellant had care, custody, or control of the
shotgun in his truck.  The great weight
and preponderance of the evidence does not contradict the jury’s verdict, and
we are not convinced that the verdict is clearly wrong or manifestly
unjust.  Therefore, we overrule Appellant’s
sole issue.  

 

Disposition

            We affirm the judgment of the trial court.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered June 29,
2007.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560
(1979)