NO. 07-07-0149-CR


NO. 07-07-0150-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 23, 2007


_____________________________



CHARLES RAY HALL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________





FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NOS. 54,218-D & 54,219-D; HON. DON EMERSON, PRESIDING


_______________________________


 

Memorandum Opinion


________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Charles Ray Hall appeals his convictions for unlawfully possessing a firearm by a
felon and possessing a prohibited weapon. Via eight issues, he contends that the
evidence is legally and factually insufficient to support both convictions. We disagree and
affirm.

Background


 Lieutenant Martin Birkenfeld of the Amarillo Police Department testified that on
August 19, 2006, around 3:10 in the morning, he heard a "couple of popping sounds" which
he was unable to identify. Thereafter, he slowly drove towards the area from which the
sounds came. As he did so, he heard one more "pop" and eventually observed four
individuals walking down the street from where he thought the sounds emanated. The four
individuals saw Birkenfeld and began walking "the other way"; this caused the officer to
watch them. Eventually, he saw one with a "weapon of some type," noted that "it looked
like a long gun. . . ," called for back-up, and kept following them with his lights trained on
the group. Upon realizing that the weapon being carried was "definitely . . . a sawed-off
shotgun," the officer activated his emergency lights and siren. At that point, the individuals
began running. Birkenfeld noted that the person carrying the shotgun was "wearing a dark
shirt, probably dark blue, and it had large white letters on the back." The lettering made
it easy to describe the shirt, according to the officer. 

 The group split up with the person carrying the shotgun running in a direction
different than the others. Birkenfeld followed him until the suspect was lost in an apartment
complex. Appellant was soon discovered by other officers hiding behind a bush in an alley
by the apartment complex. Upon seeing the detainee, Birkenfeld identified him as the
person with the gun. This identification was reiterated at trial. A sawed-off shotgun was
also found lying in weeds within five to ten feet of where appellant was arrested and within
the alley wherein appellant ran. 

 At trial, appellant attempted to discredit Birkenfeld's testimony by focusing on the
fact that the officer did not know what the other three individuals were wearing and,
therefore, may have confused appellant with one of the others. So too was it of import to
appellant that his fingerprints were not found on the weapon. Appellant also tried to show
that someone other than he could have been the person who actually had the gun. 
Despite this, Birkenfeld reiterated that he was not mistaken in identifying appellant as the
"one who was carrying the rifle [sic]."

 Testifying on his own behalf, appellant said that he had been at home in the early
hours of August 19th but some friends had come by and asked him to attend a party. In
fact, two parties were occurring at different ends of his apartment complex. He attended
the one that was closest to his apartment and drank beer for about two hours. At the time,
he purportedly observed an individual in possession of what he believed to be a firearm,
even though he was not sure what the object was. Once the police showed up everyone
scattered. According to appellant, he ran because he had been in trouble with the police
before and had been drinking. He also denied possessing the firearm. 

 The defense also called Vernon Raynard Anderson, who testified that he was with
appellant the night of the incident and did not observe appellant carrying a gun. Yet, he
acknowledged that he left the party around midnight and was not present when the police
arrived.

Issues One - Eight - Legal and Factual Sufficiency


 Through his eight issues, appellant contends that the evidence was both legally and
factually insufficient to 1) prove he exercised care, custody or control over the weapon or
2) affirmatively link him to the weapon. We overrule the issues. 

 Standard of Review

 The applicable standards of review can be found in Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App.1996), Evans v. State, 202 S.W.3d 158 (Tex. Crim. App. 2006), and
Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to them.

 Next, in establishing possession, we use the same methodology used to establish
guilt for possessing controlled substances. Nguyen v. State, 54 S.W.3d 49, 52-53 (Tex.
App.-Texarkana 2001, pet. ref'd). Thus, the State must show that the accused 1)
exercised actual care, control, or custody over the firearm, 2) was conscious of his
connection with it, and (3) possessed the firearm knowingly or intentionally. Id. citing,
Brown v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995).

 The record before us contains eyewitness testimony identifying appellant as the one
who possessed and ran with the shotgun. Whether to believe it was up to the factfinder. 
But, if believed, it provided some evidence upon which a rational jury could conclude,
beyond reasonable doubt, that appellant intentionally or knowingly possessed the weapon.

 To the extent appellant and others gave testimony that contradicted Birkenfeld's,
we again note that it was the jury's prerogative to choose who to believe. Moreover, other
evidence such as appellant's effort to flee and hide as well as the proximity between the
shotgun's location and appellant's place of arrest lend further credence to the officer's
identification of appellant as the possessor. 

 In sum, viewing all the evidence in the light most favorable to the verdict leads us
to conclude that both verdicts enjoyed the support of legally sufficient evidence. And
though the evidence was contradictory, the verdicts were not against the great weight and
preponderance of the evidence nor clearly wrong or manifestly unjust. So, they too were
supported by factually sufficient evidence.

 Accordingly, we affirm the judgments of the trial court.

 Per Curiam

Do not publish.



ake rather than a deliberate or intentional effort to circumvent the deadline. 
 
As such, we conclude that appellant=s notice of appeal was timely filed and overrule
appellees’ motion to dismiss the appeal.
 
                                                                Per Curiam