In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00236-CR

                                                ______________________________

 

 

                                         ODELL NEAL,
JR., Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26652

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            On
February 25, 2010, Odell Neal, Jr., was driving a Ford Explorer[1]
through Commerce, Hunt County, Texas, and was stopped for a traffic
violation.  A search of the vehicle
revealed a gun beneath a large pile of clothes in the rear area of the
Explorer.  As Neal was a previously convicted
felon, he was charged with unlawful possession of a firearm by a felon.  A jury found Neal was guilty and assessed
punishment at eight years’ imprisonment. 
Neal contends that the evidence supporting his conviction is legally
insufficient.  We affirm the judgment of
the trial court.

I.          Factual History

            Officer
Alejandro Suarez saw Neal make an improper right turn, and initiated a traffic
stop.  Neal parked the vehicle in a
private parking lot.  Suarez recognized
Neal[2]
and had prior knowledge that his driver’s license was suspended.  When asked, Neal admitted that his license was
suspended, and Suarez placed Neal under arrest for driving with a suspended
license.  At that time, Lieutenant Terry
Miller arrived on the scene and got out of his patrol car to back up Suarez.

            Because
the vehicle was in a private parking lot, Suarez decided to impound it.  Prior to having the vehicle towed away,
Suarez and Miller inventoried the vehicle, to “itemize everything that’s in the
vehicle, look through the vehicle and make sure that we check everything that’s
in there” so there is documentation keeping track of what was in the vehicle at
the time it was impounded.  During this
inventory search, the officers found an unloaded .357 revolver[3]
in a “mountain of clothes” in the rear compartment of the Explorer.  Also found in the vehicle’s rear compartment
was a video game console, “two guitars, some weight sets, some pool
sticks.”  Neal claimed that the video
game console and the two guitars were his. 
Neal testified that he had never seen the gun before that day and had no
idea it was in the vehicle.  Suarez
testified that Neal told them that the revolver belonged to “[o]ne of his
homies” and also that he thought he could have the gun while he was traveling. 

             Lakenda Jones, Neal’s girlfriend, testified
that the Explorer belonged to Neal’s mother, Betty Neal.  Jones and Neal lived and worked
together.  According to Jones, she and
Betty agreed that Jones would take over the payments on the Explorer, but that
she could not let Neal drive it because he did not have a driver’s license.  According to Jones, the clothes and “stuff”
inside the vehicle belonged to her, her children, and Neal, and it was still in
the vehicle because the couple had recently moved.  Jones testified that she was familiar with
the gun because one of her family members gave it to her.  She said that she put the gun in the vehicle
instead of their apartment to keep the gun away from Neal because he was “not
allowed to be around it.”  She put it
under the clothes in the back of the vehicle because she washes the clothes and
he does not, and she “knew he wasn’t going to go back there to mess with any of
the clothes” because “he doesn’t wash.” 
Jones testified that this was her fault because Neal “did not know the
gun was in the car, and he wasn’t aware of it.” 


II.        Standard of Review

            In
evaluating legal sufficiency, we review all the evidence in the light most
favorable to the jury’s verdict to determine whether any rational jury could
have found the essential elements of the charged offense beyond a reasonable
doubt.  Brooks, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979));
Hartsfield v. State, 305 S.W.3d 859,
863 (Tex. App.—Texarkana 2010, pet. ref’d).  Our rigorous legal sufficiency review focuses
on the quality of the evidence presented.  Brooks,
323 S.W.3d at 917 (Cochran, J., concurring).  We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the jury “to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.” 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson,
443 U.S. at 318–19); Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

III.       Evidence Linking Neal
to the Gun

            In
Neal’s sole point of error, he argues that there is legally insufficient
evidence that he unlawfully possessed a firearm.  We disagree.

            The
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  To prove unlawful possession of a firearm by
a felon, the State was required to prove that Neal (1) possessed a firearm
(2) “after conviction and before the fifth anniversary of the person’s release
from confinement following conviction of the felony or the person’s release
from supervision under community supervision, parole, or mandatory supervision,
whichever date is later.”[4]
 Tex.
Penal Code Ann. § 46.04(a)(1) (West 2011).  “[T]o support a conviction for possession of a
firearm, the State must show (1) that the accused exercised actual care,
control, or custody of the firearm, (2) that he was conscious of his connection
with it, and (3) that he possessed the firearm knowingly or
intentionally.”  Nguyen v. State, 54 S.W.3d 49, 52 (Tex. App.—Texarkana 2001, pet.
ref’d).

            When
the firearm is not found on the accused’s person or in his or her exclusive
possession, additional facts must link the accused to the contraband.  Id.
at 53; Jones v. State, 963 S.W.2d
826, 830 (Tex. App.—Texarkana 1998, pet. ref’d).  The State can meet its burden with
circumstantial evidence, but it must establish that the defendant’s connection
with the firearm was more than fortuitous. 
Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995).  This
rule protects the innocent bystander—such as a relative, friend, or even
stranger to the actual possessor—from conviction merely because of his or her fortuitous
proximity to a firearm belonging to someone else.  See
Evans v. State, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006); Smith v. State, 176 S.W.3d 907, 916
(Tex. App.—Dallas 2005, pet. ref’d). 
Some of the factors courts have used as links between the defendant and
the contraband include:  (1) the contraband
was in a car driven by the accused, (2) the contraband was in a place
owned by the accused, (3) the contraband was conveniently accessible to the
accused, (4) the contraband was in plain view, (5) the contraband was
found in an enclosed space, (6) the contraband was found on the same side of
the car as the accused, (7) the conduct of the accused indicated a
consciousness of guilt, (8) the accused had a special relationship to the
contraband, (9) occupants of the automobile gave conflicting statements about
relevant matters, and (10) affirmative statements connect the accused to the
contraband.  Smith v. State, 118 S.W.3d 838, 842 (Tex. App.—Texarkana 2003, no
pet.).  The number of links present is
not as important as the degree to which they tend to link the defendant to the
firearm.  Washington v. State, 215 S.W.3d 551, 555 (Tex. App.—Texarkana 2007,
no pet.); Taylor v. State, 106 S.W.3d
827, 831 (Tex. App.—Dallas 2003, no pet.).

            In
this case, several facts link Neal to the .357 revolver found in the rear area
of the Explorer.  Neal was the driver,
and sole occupant, of the vehicle.  A
Crown Royal bag was found on the center console, near the driver’s seat.  The bag contained six .38 bullets, which
Suarez testified could be fired from a .357 revolver.  Several pieces of Neal’s personal property,
including a video game console and two guitars, were also found in the rear
area of the vehicle.  After Neal was
placed in custody and the gun was found, Suarez testified that Neal said, “Hey,
I thought you could travel with a gun,” from which it could be logically
inferred that he knew the gun was in the car, but thought it was not illegal to
possess the firearm under those circumstances.  When taken as a whole, and viewed in the light
most favorable to the verdict, these factors are sufficient to allow a
reasonable jury to infer that Neal knowingly possessed, and had control of, the
gun.  Accordingly, we overrule Neal’s
point of error. 

            We affirm the judgment of the trial
court.

 

 

                                                                        Jack
Carter

                                                                        Justice


 

Date Submitted:          June 9, 2011

Date Decided:             June 15, 2011

 

Do Not Publish 

 











[1]Neal
was the only person in the vehicle.





 

[2]Suarez
had a photograph of Neal because he was a suspect in the theft of a gun that
had occurred the previous night.  Suarez
had never encountered Neal prior to the traffic stop.  





[3]The
gun found in the Explorer was not the gun that had been stolen the night
before.  Nothing in the record indicates
that Neal was ever charged with the theft.





[4]In
his testimony at trial, Neal admitted to being a convicted felon, and the
indictment properly alleged Neal possessed a firearm “before the fifth anniversary
of [Neal’s] release from confinement.”  The
offense occurred within five years of Neal’s prior felony conviction, March 31,
2008.  Therefore, it is clear that the
offense occurred within the relevant statutory time period, and Neal does not
assert otherwise or raise this as an issue.