NO. 07-07-0016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 22, 2009

_____

DOMINIC RYAN AYON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17,860-B; HON. JOHN BOARD, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**

Appellant Dominic Ryan Ayon appeals from his conviction of the offense of possession of a firearm by a felon and his resulting sentence of six years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Via four issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. We find the evidence sufficient and affirm.

Background

Appellant's indictment for possession of a firearm by a felon[1] also set forth appellant's 2004 felony conviction of the offense of burglary of a habitation.[2] Following appellant's plea of not guilty, this matter proceeded to trial by jury.

At trial, the evidence established that Amarillo CrimeStoppers received a tip that appellant had a sawed-off shotgun and two hand grenades in an apartment. When officers went to the apartment identified in the tip,[3] appellant answered the door. When officers told him of the anonymous tip, appellant laughed and said he didn't have any hand grenades. He told the officers his girlfriend had a shotgun.

At the officers' request, appellant read and signed a consent to search form that repeatedly described the premises to be searched as "my premises." One of the officers asked appellant where the shotgun was located and he pointed into the bedroom and told him it was on the bed. Officers located the shotgun underneath the sheets on the bed. The barrel and stock of the gun had been shortened by sawing. Appellant accurately told

---

[1] *See* Tex. Penal Code Ann. § 46.04 (Vernon 2003). This is a third degree felony punishable by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003).

[2] Appellant stipulated to his final felony conviction and also stipulated that his possession of a firearm, if any, occurred after this felony conviction and before the fifth anniversary of his release from parole.

[3] The addresses associated with appellant in the department's computer system included the address of the apartment. In the CrimeStoppers tip, officers were also provided a description of appellant's car, a black Lexus. When officers arrived at the apartment, they noted the presence of a 2001 black Lexus.

officers there was one "round" in the chamber of the gun. After obtaining consent to continue searching the apartment, officers located boxes of 9 mm rounds and additional shotgun shells.

After officers returned to their vehicles, they learned appellant had previously been convicted of a felony. As a result, the officers returned to the door of the apartment and appellant allowed them to reenter. The officers explained to appellant that they were taking custody of all of the items they had located in their search. In response, appellant told one of the officers that the shotgun was there because someone had tried to break into his apartment on several occasions.

At the close of the evidence, the jury returned a verdict of guilty as alleged in the indictment. The court assessed punishment at six years imprisonment and this appeal followed.

Analysis

In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inference therefrom, a rational jury could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), *citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard for legal sufficiency review "gives full play" to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

3

inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319; *Sanders v. State,* 119 S.W.3d 818, 820 (Tex.Crim.App. 2003). If, given all of the evidence, a rational jury would necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, *citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to do so. *Hooper v. State,* 214 S.W.3d 9 (Tex.Crim.App. 2007), *citing Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

A factual sufficiency review of the evidence is "barely distinguishable" from the legal sufficiency review under *Jackson v. Virginia*. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Id.; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we again consider all the evidence, but now in a neutral light. *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414.

Pursuant to Penal Code § 46.04(a), a person who has been convicted of a felony commits an offense if he possesses a firearm: (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or

4

the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives. Tex. Penal Code Ann. § 46.04(a) (Vernon 2003).

The State must show appellant (1) exercised actual care, control, or custody of the firearm; (2) he was conscious of his connection with the firearm; and (3) he possessed the firearm knowingly or intentionally.[4] We analyze the sufficiency of the evidence to prove possession of a firearm by a felon under the rules adopted for determining the sufficiency of the evidence in cases of possession of a controlled substance. *Bates v. State,* 155 S.W.3d 212, 216 (Tex.App.–Dallas 2004, no pet.); *Smith v. State,* 118 S.W.3d 838, 841 (Tex.App.–Texarkana 2003, no pet.); *Nguyen v. State,* 54 S.W.3d 49, 52 (Tex.App.–Texarkana 2001, pet. ref'd).

The State was not required to prove that appellant had exclusive possession of the firearm; joint possession is sufficient to sustain a conviction. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App. 1986). The State can meet its burden with direct or circumstantial evidence, but it must establish that the defendant's connection with the firearm was more than fortuitous. *Poindexter v. State,* 153 S.W.3d 402, 406 (Tex.Crim.App. 2005);

---

[4] A person commits a possession offense only if he voluntarily possesses the prohibited item. Tex. Penal Code Ann. § 6.01(a) (Vernon 2003). Possession is a voluntary act "if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." Tex. Penal Code Ann. § 6.01(b) (Vernon 2003).

*Grantham v. State,* 116 S.W.3d 136, 143 (Tex.App.–Tyler 2003, no pet.); *Davis v. State,* 93 S.W.3d 664, 667 (Tex.App.–Texarkana 2002, pet. ref'd).

When the firearm is not found on the accused's person or is not in the accused's exclusive possession, additional facts must link the accused to the firearm. *Jones v. State,* 963 S.W.2d 826, 830 (Tex.App.–Texarkana 1998, pet. ref'd). In determining whether sufficient links exist, we examine factors such as whether the firearm was in plain view, whether appellant owned the residence where the firearm was found, whether he was in close proximity to the firearm and had ready access to it or whether it was found on him, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, whether he had a special connection to the firearm, whether the firearm was found in an enclosed space, and whether he made incriminating statements. The number of factors present is not as important as the logical force or the degree to which the factors, alone or in combination, tend to link the accused to the contraband. *Smith v. State,* 176 S.W.3d 907, 916 (Tex.App.–Dallas 2005, pet. ref'd); *Hawkins v. State,* 89 S.W.3d 674, 677 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd); *Corpus v. State,* 30 S.W.3d 35, 38 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd). No set formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *Taylor v. State,* 106 S.W.3d 827, 830 (Tex.App.–Dallas 2003, no pet.); *Nguyen,* 54 S.W.3d at 53.

Officer testimony and a defense exhibit presented at trial established that the identified address, along with another address, was associated with appellant's name. Officer testimony also established that a car matching the description provided was

6

observed at the apartment and appellant answered the door. On that occasion, appellant was the only individual present at the apartment. Appellant also referred to the apartment as "his" and signed a consent form that repeatedly referenced the premises to be searched as "my premises." Appellant knew exactly where the shotgun was located in the bedroom of the apartment and knew there was one "round" in the chamber. Further, when officers executed the outstanding warrant for appellant's arrest about two weeks after their initial visit, appellant again answered the door at the apartment.

The logical force of this evidence together is legally sufficient to link appellant to the firearm. And, when viewed in the light most favorable to the prosecution, a rational trier of fact could have found the requisite elements of this offense. Thus, the evidence is legally sufficient to support appellant's conviction.

Finding the evidence legally sufficient, we turn to the factual sufficiency of the evidence to support appellant's conviction. Appellant presented evidence contrary to the verdict of guilt. A palm print lifted from the shotgun matched neither appellant nor his girlfriend. During cross-examination of one of the police officers, appellant introduced his driver's license as evidence his listed address was different from the apartment's address. One of the officers did not recall what address was in the department's computer system for appellant and admitted he had no physical evidence tying appellant to the shotgun or the boxes of ammunition. The officer also acknowledged he did not know who owned the gun and acknowledged they did not locate hand grenades. During cross-examination of another officer, appellant introduced a lease for the apartment. The lease listed appellant's girlfriend as the lessee and did not list any other occupants. The officer also testified that

7

he believed that someone "ran the tag" to the black Lexus and found it belonged to appellant's girlfriend.

Appellant also emphasizes evidence that the shotgun was owned by his girlfriend. Evidence supporting that assertion came only from appellant. It was appellant who told officers that the shotgun belonged to his girlfriend. He also told officers the gun was given to her by her father. When an officer suggested appellant might obtain an affidavit from the father, however, appellant responded he "wasn't sure that's how it happened, but that's possibly what happened." Moreover, the statute does not require ownership of the firearm; it requires only care, custody, control or management of it. Tex. Penal Code Ann. § 46.04(a) (Vernon 2003); *Knight v. State,* No. 07-07-0099-CR, 2008 WL 3824003 (Tex.App.–Amarillo Aug. 15, 2008, pet. stricken*)* (mem. op., not designated for publication); *Good v. State,* No. 01-05-00639-CR, 2007 WL 274526 (Tex.App.–Houston [1st Dist.] Feb. 1, 2007, pet. ref'd) (mem. op., not designated for publication).

Viewing the entire record in a neutral light, and giving due consideration to the evidence contrary to the verdict of guilt, we find no objective basis on which to conclude the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or that, given the evidence to the contrary, the great weight and preponderance of all the evidence contradicts the jury's verdict. We therefore overrule appellant's issues on appeal and affirm his conviction and sentence.

James T. Campbell
Justice

Do not publish.

8