COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALFRED JACKSON, | § | |
| | | No. 08-10-00105-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 211th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Denton County, Texas |
| Appellee. | § | |
| | | (TC# F-2009-0216-C) |
| | § | |

## **O P I N I O N**

Appellant was convicted of possession of cocaine in an amount of less than one gram, sentenced to two years' imprisonment, and assessed a $2,000 fine. In two issues on appeal, he contends that the evidence is insufficient to link him to the cocaine found. For the reasons that follow, we affirm.

## **BACKGROUND**

Denton Police Officers Corey Padgett and Sam Moseley were working the 6 p.m. to 6 a.m. shift on August 31, 2008. Prior to beginning the shift, Officer Padgett searched the back seat of his patrol car "to make sure there's nothing illegal from a previous prisoner that dropped." It is not uncommon, according to the officer, for items to fall out of an arrestee's pockets while sitting in the back seat. Thus, Officer Padgett removed the whole back seat, checked under it thoroughly, and struck it to ensure that there was nothing up underneath it. The officer found nothing.

Later on, at 9:20 p.m., while monitoring red-light traffic violations at the intersection of Bell and Hickory Street in Denton, Officer Padgett heard loud music coming from Appellant's vehicle, which was 70 feet away. Because the city ordinance prohibited the playing of music that can be

heard from 35 feet away, the officers pulled behind the vehicle and initiated a traffic stop.

Upon contact with Appellant, the driver, Officer Padgett learned that he did not have driver's license but did have a Mississippi identification card. After identifying him, the officer asked Appellant to exit the car so that he could speak to him away from the passenger who also did not have a driver's license. Once outside the vehicle, Officer Padgett spoke to him about the noise violation. He did not get the impression that Appellant had anything in his mouth. However, Appellant became agitated, started swinging his hands up and down, and looked around nervously. Suspicious that Appellant might run or get aggressive, Officer Padgett handcuffed and arrested him for driving without a license, and for the noise violation. At that point, Officer Padgett conducted a pat down of Appellant's pockets, waistband, and neck band, which according to the officer, was more of a safety search than a thorough search.[1] In fact, Officer Padgett noted that it is possible to miss items such as a small baggie in conducting those searches. Officer Padgett did not look in Appellant's mouth. The officer then placed Appellant in the back seat of the patrol car under Officer Moseley's watch.

Officer Padgett then asked McGee to exit the vehicle, and McGee called a friend to pick her up. Officer Padgett also inventoried the vehicle and impounded it. Meanwhile, Officer Moseley noticed that Appellant was "moving around an awful lot" in the back seat. He kept shifting his body around and changing positions. When Officer Moseley questioned whether anything was wrong, Appellant responded, as most arrestees do, that the handcuffs were too tight. Consequently, Officer Moseley adjusted the handcuffs to fit more loosely. The officers then transported Appellant to the city jail, which was approximately 100 yards away.

Once at the jail, Officer Padgett escorted Appellant in for booking while Officer Moseley

---

[1] During trial, the officer demonstrated the pat down performed on the prosecutor for the jury's benefit.

searched the back seat of the patrol car for items Appellant may have dropped. During the search, Officer Moseley removed the back seat, checked under the floorboards, and the checked the back seat cushions. Underneath the seat cushion where Appellant had been sitting, Officer Moseley found a wet, green plastic baggie containing what he believed to be cocaine. No one else had been in the back seat since the officers started their shift, and neither officer placed the baggie there. Nor was there anything in the patrol vehicle that would have caused the baggie to become wet as the back seat was dry. Neither officer knew why the baggie was wet, but Officer Padgett assumed that it was in Appellant's mouth or was saturated by Appellant's sweat. Officer Moseley showed the baggie to Officer Padgett, and a field test showed that the substance was presumptively cocaine. Thus, the baggie was admitted into evidence against Appellant.

## DISCUSSION

Appellant challenges the sufficiency of the evidence in two issues, asserting that the State failed to prove sufficient links to establish his possession of the cocaine found in the back seat of the patrol car. Specifically, Issue One contends that the evidence is legally insufficient whereas Issue Two alleges that the evidence is factually insufficient. However, the Texas Court of Criminal Appeals recently did away with any factual-sufficiency review, holding that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the legal-sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (stating that "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense . . ."). Accordingly, we overrule Issue Two and will now simply review Issue One under the appropriate *Jackson* standard.

*Standard of Review*

In reviewing the sufficiency of the evidence, we consider the evidence, whether properly or improperly admitted, in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006). In so doing, we give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13. We, therefore, do not re-evaluate the weight and credibility of the evidence but rather simply "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id*. at 16-17. In so doing, we presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

*Applicable Law*

To support a conviction for unlawful possession of a controlled substance, the State must prove that the accused exercised actual care, custody, control, and management over the contraband, and that the accused knew the substance he possessed was contraband. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex. App. – El Paso 1995, pet. ref'd). When the accused is not in exclusive possession or control of the place where the contraband is found, the State must prove independent facts and circumstances affirmatively linking him to the contraband. *Hackleman v. State*, 919 S.W.2d 440, 444 (Tex. App. –Austin 1996, pet. ref'd). Those affirmative links generate a reasonable inference that the accused knew of the

contraband's existence and that he exercised control over it.  *See Brown*, 911 S.W.2d at 747; *Menchaca*, 901 S.W.2d at 651.

Some of the non-exhaustive factors we may look to in determining sufficient links include: (1) the accused's presence at the location where the search occurred; (2) whether the contraband was in plain view; (3) the accused's proximity to and accessibility of the contraband; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed other contraband when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the contraband was found in an enclosed place; (13) whether the accused was the operator of an automobile where contraband was found; (14) whether the accused was found with a large amount of cash or weapons at the time of his arrest; (15) whether the conduct of the accused indicated a consciousness of guilt; and (16) whether there was a significant amount of contraband found. *See Gregory v. State*, 159 S.W.3d 254, 260 (Tex. App. – Beaumont 2005, pet. ref'd); *Nguyen v. State*, 54 S.W.3d 49, 53 (Tex. App. – Texarkana 2001, pet. ref'd); *Hurtado v. State*, 881 S.W.2d 738, 743 n.1 (Tex. App. – Houston [1st Dist.] 1994, pet. ref'd).  However, the number of factors present is not as important as the logical force the factors have in establishing the elements of the offense.  *Corpus v. State*, 30 S.W.3d 35, 38 (Tex. App. – Houston [14th Dist.] 2000, pet. ref'd); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App. – Austin 1991, pet. ref'd).

### *Application*

Here, it is clear that a thorough inspection of the back of the patrol car was performed prior to the officers' shift.  It is also clear that Appellant was the only person that the officers arrested that

night and that he sat in the back seat of the patrol car. The record further reflects that Appellant "mov[ed] around an awful lot" while in the back seat, and that once he exited the patrol car, Officer Moseley found the wet, green baggie of cocaine underneath the seat cushion where Appellant was sitting. This evidence, as we have held before, is sufficient to link Appellant to the cocaine found. *See Walden v. State*, No. 08-01-00167-CR, 2003 WL 21689897, at *2 (Tex. App. – El Paso July 18, 2003, no pet.) (mem. op., not designated for publication). Indeed, in *Walden*, the record showed that the officer thoroughly inspected his vehicle prior to his shift, that the defendant was the sole passenger during that shift, and that the officer observed a bill, later determined to contain a narcotic, on the floor of the patrol car after the defendant changed his position. *Id.* Similarly, our sister courts have found sufficient links under like circumstances. *See Garcia v. State*, 871 S.W.2d 769, 771 (Tex. App. – Corpus Christi 1994, pet. ref'd) (finding sufficient links when the evidence showed that the officer inspected his vehicle prior to each shift, that the officer observed his arrestee moving around in the back seat, and that at the police station, the officer discovered contraband under the rear passenger seat); *Renteria v. State*, No. 03-96-00736-CR, 1997 WL 528970, at *1-2 (Tex. App. – Austin Aug. 28, 1997, no pet.) (op., not designated for publication) (finding sufficient links when the evidence showed that the sheriff's deputy checked the back seat of his car for contraband before his shift and found none, that he arrested Renteria on an arrest warrant based on a parole violation, that he briefly patted down Renteria for weapons and put him in his patrol car, that Renteria was the only person the deputy arrested that day, that Renteria moved around in the back seat a great deal, including leaning really far forward, and that after Renteria left the car, a cigarette package, which contained a baggie holding methamphetamine, was found stuffed behind the seat).

Although Appellant asserts that if the cocaine was his, Officer Padgett would have discovered it during his pat down, we believe that the jury could have easily rejected this defensive theory as

Officer Padgett demonstrated the pat down before the jury, noted that he did not look in Appellant's mouth during the search, and stated that one could easily miss something as small as a baggie during such a search. *See Johnson v. State*, 23 S.W.3d 1, 14 (Tex. Crim. App. 2000) (jury entitled to great deference on deciding the weight of the evidence and the credibility of the witnesses). Accordingly, we hold that the evidence was legally sufficient to link Appellant to the cocaine found in the back seat of the patrol car. Issue One is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

April 29, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)