

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00005-CR

ERIC MONTREAL ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2329683

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

A Hopkins County jury found Eric Montreal Anderson guilty of possessing four grams or more but less than 200 grams of fentanyl. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.). After a punishment trial, the jury assessed a sentence of twenty years' imprisonment and a fine of $7,500.00. The trial court's judgment also ordered Anderson to pay $180.00 in restitution to the Texas Department of Public Safety Crime Laboratory (Texas Crime Lab) and $80.00 in reimbursement fees, and the bill of costs included a $15.00 time payment fee.

On appeal, Anderson argues that the evidence was legally insufficient to show that he possessed the fentanyl.[1] He also argues that the trial court erred by imposing the fine without determining his ability to pay it, by ordering payment of restitution and reimbursement, and by including the time payment fee in the bill of costs. We find that sufficient evidence supported the jury's verdict of guilt. Pursuant to our opinion in Anderson's appeal in cause number 06-24-00002-CR, we also find that the fine was properly assessed and that Anderson failed to preserve his complaint about restitution. While we determine that $80.00 for a reimbursement fee was proper, we sustain Anderson's complaint about the time payment fee and delete that fee from the bill of costs. Because we have deleted the court costs improperly assessed in Anderson's companion cause number 06-24-00004-CR, we assess those fees in this case and modify the bill of costs and the judgment to include them. As modified, we affirm the trial court's judgment.

---

[1]In companion cause number 06-24-00002-CR, Anderson appeals a conviction for possession of five pounds or less but more than four ounces of marihuana. He also appeals a conviction for evading arrest in cause number 06-24-00004-CR and a conviction for unlawful possession of a firearm in cause number 06-24-00006-CR.

**I.      Legally Sufficient Evidence Supported the Jury's Verdict of Guilt**

**A.      Standard of Review**

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007))).

In our review, we consider "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). It is not required that each fact "point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.*

"Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Paroline v. State*, 532 S.W.3d 491, 498 (Tex. App.—Texarkana 2017, pet. struck) (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004))).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Williamson*, 589 S.W.3d at 298 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240). Here, the State had to prove that Anderson knowingly possessed four grams or more but less than 200 grams of fentanyl.

### B.     The Evidence at Trial

Josh Davis, an officer with the Hopkins County Sheriff's Office (HCSO), saw Anderson driving a silver Infiniti on Interstate 30 at 1:15 a.m. on August 19, 2022. After noticing that the Infiniti's license plate light was not working and that Anderson was driving in the left lane without passing, Davis decided to run the license plate and discovered from dispatchers that the plate belonged to a maroon passenger car. Davis testified that he attempted to conduct a traffic stop, but Anderson fled and led him on a chase with speeds exceeding 130 miles per hour.

4

According to Davis, Anderson "was cutting traffic, passing on the shoulder. He was all over the place." Davis collided with the right rear passenger side of the Infiniti, which slowed down the car and allowed officers to catch Anderson, his front passenger, Darius Ewing, and back passengers, Edarious Rogers, Ricky Miller, and Jermaine Edwards.

Davis approached the car and immediately noticed a strong odor of marihuana. After arresting Anderson for evading arrest, Davis and other officers searched the car and found a large quantity of marihuana in an open backpack on the front passenger seat. Davis testified, "Located under the driver seat of the vehicle, which is where Mr. Anderson was sitting, were three tied-up sandwich baggies. Those contained the small round blue pills" that later proved to be fentanyl.[2] Davis said that "[a] fourth baggie of those was located under the front passenger seat." Davis also located (1) a stolen, "loaded Glock 19 9 millimeter handgun, . . . [with] a round chambered to fire," "under the driver's seat where Mr. Anderson was seated," (2) two loaded handgun magazines, (3) debit cards and an "ID not belonging to anybody in the vehicle," (4) two digital scales, and (5) bags used to distribute drugs. Davis said that Anderson and his passengers denied possession of the items found but were arrested because "they were all in accessibility of the reach of the narcotics."

Anderson testified in his defense. He admitted that he and his passengers had been smoking marihuana and that he knew the marihuana and magazine clips were in the car. Even so, Anderson testified that he was shocked when officers discovered the pills.

---

[2]Sergeant Chris Baumann, HCSO property manager, testified that he received the laboratory report showing that the four baggies held a total of "(363) blue-green round pills" containing a total of 36.5 grams of fentanyl.

In rebuttal, Matthew Davidson, a detective with the Memphis Police Department, testified that Anderson was in the "Eric Bezzle Gang," a "very violent criminal street gang," which "originated out of the Smokey City neighborhood area of North Downtown Memphis." Davidson said that the gang is known for drug dealing, armed robbery, vehicle thefts, carjackings, and general theft. He added, "Anderson is also one of the upper-echelon leaders. He's also one of the main public faces of the gang, especially with his addition to his rap career."

After hearing that evidence, the jury found Anderson guilty of possessing the fentanyl pills.

### C.    Analysis

"Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Supp.). To obtain a conviction for possession of a controlled substance, the State must show that the accused not only "exercised actual care, control, or custody of the [controlled] substance" but that he was "conscious of his connection with it and" "possessed it knowingly." *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *see Smith v. State*, 118 S.W.3d 838, 842 (Tex. App.—Texarkana 2003, no pet.).

"[E]vidence which affirmatively links [the accused] to [the drugs] suffices for proof that he possessed it knowingly," *Brown*, 911 S.W.2d at 747, because it tends to show "that the accused's connection with the contraband was more than just 'fortuitous,'" *Gill v. State*, 57 S.W.3d 540, 544 (Tex. App.—Waco 2001, no pet.) (quoting *Harris v. State*, 994 S.W.2d 927, 933 (Tex. App.—Waco 1999, pet. ref'd)). Even so, the State must demonstrate that "the accused was aware of the object, knew what it was, and recognized his or her connection to it." *Smith*,

6

118 S.W.3d at 842 (citing *Gill*, 57 S.W.3d at 544). For this reason, the mere presence of the accused at the location where contraband is found is not sufficient, in and of itself, to establish his knowing possession. *Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016); *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

"When the contraband is not in the exclusive possession of the defendant, a fact[-]finder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference." *Tate*, 500 S.W.3d at 413–14. Under the links test, if combined with other evidence, the accused's presence or proximity may be sufficient to establish knowing possession. *Id.* at 415. Some factors that may be legally sufficient, either alone or in combination, to circumstantially establish an accused's "knowing possession of contraband" include:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at 414 (quoting *Evans*, 202 S.W.3d at 162 n.12); *see Smith*, 118 S.W.3d at 842; *Nguyen v. State*, 54 S.W.3d 49, 53 (Tex. App.—Texarkana 2001, pet. ref'd), *overruled on other grounds by Fagan v. State*, 362 S.W.3d 796 (Tex. App.—Texarkana 2012, pet. ref'd).

7

It is the logical force of the links, rather than the number of links, that is dispositive. *Evans*, 202 S.W.3d at 162; *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd). Also, the links need not exclude every other reasonable hypothesis but the defendant's guilt. *See Tate*, 500 S.W.3d at 413; *Brown*, 911 S.W.2d at 748. Even though the factors in the links test guide us, "ultimately the inquiry remains that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Tate*, 500 S.W.3d at 414 (citing *Jackson*, 443 U.S. at 318–19).

Here, there was no evidence of several of the links test factors, including factors two, six, eight, eleven, and thirteen. Even so, most other factors supported the jury's verdict. The jury heard that the defendant was present when the enclosed space of the car was searched. Davis testified that Anderson was in close proximity to the fentanyl found under his seat and could access the fentanyl found in the passenger seat. Anderson admitted to smoking marihuana in the car, indicating that he was under the influence of the drug during his arrest, and the odor of marihuana was present throughout the car. Officers found other drug paraphernalia, like the digital scales and baggies. Anderson also admitted to possessing the marihuana and the magazine clips, and to leading Davis on a high-speed chase, indicating a consciousness of guilt. In sum, factors one, three, four, five, seven, nine, ten, twelve, and fourteen linked Anderson to the fentanyl.

"[A]ll reasonable inferences from the evidence must be resolved in favor of the jury's guilty verdict." *Id.* at 417. Considering the cumulative force of all the evidence when viewed in

the light most favorable to the jury's verdict, we conclude that the jury's verdict that Anderson knowingly possessed more than four, but less than two hundred, grams of fentanyl is supported by legally sufficient evidence. As a result, we overrule Anderson's first point of error.

## II. The Fine Is Proper and the Complaint About Restitution is Unpreserved

In his second point of error, Anderson argues that the $7,500.00 fine was improperly assessed because the trial court did not determine his ability to pay it pursuant to Article 42.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). We addressed a similar complaint in Anderson's appeal in cause number 06-24-00002-CR. For the reasons stated therein, we find that Anderson was unharmed by any statutory error because the record showed that he was not indigent at trial. As a result, we conclude that the fine was proper.

In his third point of error, Anderson argues that the trial court erred by ordering restitution payable to the Texas Crime Lab. As in our opinion in cause number 06-24-00002-CR, we find that Anderson failed to preserve this complaint for our review. *See Garcia v. State*, 663 S.W.3d 92, 95 (Tex. Crim. App. 2022).

## III. Sufficient Evidence Supports the Assessed Reimbursement

Next, Anderson argues that the $80.00 reimbursement fee assessed by the trial court is unsupported by the record.

Initially, we note that Anderson was charged reimbursement fees in his companion cases, which we deleted. This is because, "[i]n a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once

9

against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). As a result, we will look to the records in Anderson's cases to determine whether the $80.00 reimbursement fee is proper.

Looking at the bills of costs in this case and in Anderson's companion cases, we find the following reimbursement fees: (1) a $10.00 "SHERIFF TAKE & APPROVE BOND" fee, (2) a $10.00 "SHERIFF COMMIT OR RELASE FEE," (3) a $50.00 "SHERIFF EXECUTE WARRANT FEE," (4) a $5.00 "NOTICE TO APPEAR" fee, and (5) a $10.00 "SUBPOENA/WITNESS FEE."[3] While Anderson notes that all of those fees are allowed by Article 102.011 of the Texas Code of Criminal Procedure, he argues that the record fails to support those fees.[4]

As for the first three fees, the record in 06-24-00002-CR shows that Anderson was given a surety bond on September 3, 2022, which supports the $10.00 fee for taking and approving the

---

[3]Those fees total $85.00.

[4]In relevant part, Article 102.011(a) states:

> (a)     A defendant convicted of a felony or a misdemeanor shall pay the following reimbursement fees to defray the cost of the services provided in the case by a peace officer:
>
> > (1)     $5 for issuing a written notice to appear in court . . . ;
> >
> > (2)     $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . ;
> >
> > (3)     $5 for summoning a witness;
> >
> >  . . .
> >
> > (5)     $10 for taking and approving a bond and, if necessary, returning the bond to the courthouse; . . .
> >
> > (6)     $5 for commitment or release[.]

TEX. CODE CRIM. PROC. ANN. art. 102.011(a) (Supp.).

10

bond.[5]  Because he was released on bond, the record supports a $5.00 release fee.  After his release, Anderson was later arrested and incarcerated in the "Shelby Co[unty] Jail, Memphis, TN."  As a result, the record contains an affidavit of surety to surrender pursuant to Article 17.19 of the Texas Code of Criminal Procedure, along with a motion praying for the issuance of a capias.  Article 17.19, titled "Surety may obtain a warrant," states that, "[i]n a prosecution pending before a court, if the court finds that there is cause for the surety to surrender the surety's principal, the court shall issue a capias."  TEX. CODE CRIM. PROC. ANN. art. 17.19(b).  The record shows that the trial court granted the motion and ordered the clerk to issue the capias.  Article 17.19 further provides, "An arrest warrant or capias issued under this article shall be issued to the sheriff of the county in which the case is pending . . . ."  TEX. CODE CRIM. PROC. ANN. art. 17.19(d).  Because the record shows that Anderson was "re-arrest[ed]" after capias was issued, we find the $50.00 fee for executing or processing a warrant or capias and another $5.00 commitment fee were supported by the record.

As for the $5.00 notice to appear fee, the record in cause number 06-24-00006-CR shows that a notice to appear for trial was hand-delivered to Anderson while in custody.  Thus, the record is sufficient to support this fee.

Next, although there is a $10.00 fee assessed for issuing a subpoena, the appellate record confirms that no subpoenas were issued.  As a result, we sustain Anderson's complaint about that fee and will delete it from the bill of costs.

---

[5]Another surety bond was set on July 10, 2023.

11

Even so, the record reflects that Anderson had a jury trial. Article 102.011 permits a fee of "$5 for summoning a jury, if a jury is summoned." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(7). As a result, the bill of costs should be modified to add that fee.

In sum, the record supports the trial court's assessment of the $10.00 taking and approving bond, a $10.00 fee for commitment or release, a $50.00 fee for issuing capias, a $5.00 notice to appear fee, and a $5.00 fee for summoning a jury, which totals $80.00 in reimbursement fees.

## IV. The Time Payment Fee Must Be Deleted

Last, Anderson argues that the $15.00 time payment fee in the bill of costs is improper. For the reasons stated by our opinion in cause number 06-24-00002-CR, we sustain Anderson's complaint about the time payment fee.[6]

## V. Court Costs Must Be Added

Because Anderson's companion cases were consolidated with this case for trial, Anderson could only be charged once for court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). "[E]ach court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). Out of all of Anderson's offenses, this case is the one with the highest category of offense. As a result, we

---

[6]By separate point of error, Anderson raised a challenge to the order to withdraw funds. As explained by our opinion in cause number 06-24-00002-CR, Anderson's complaint is a civil matter, and we decline to address it in this criminal appeal. *See Johnson v. Tenth Jud. Dist. Ct. of Appeals at Waco*, 280 S.W.3d 866, 871–72 (Tex. Crim. App. 2008) (orig. proceeding); *Harrell v. State*, 286 S.W.3d 315, 318–19 (Tex. 2009); *Perez v. State*, 424 S.W.3d 81, 89 (Tex. Crim. App. 2014) (Alcalá, J., concurring).

12

deleted the $290.00 in court costs assessed in cause number 06-24-00004-CR. Consequently, we must add consolidated court costs to both the judgment and bill of costs in this case.

## VI.      Disposition

We delete the time payment fee and the $10.00 fee for issuing subpoenas from the bill of costs but add a $5.00 fee for summoning a jury. We also modify the bill of costs and the trial court's judgment to include $290.00 in court costs and affirm the trial court's judgment, as modified.

Jeff Rambin
Justice

Date Submitted:      July 30, 2024
Date Decided:        September 6, 2024

Do Not Publish

13